## Ex Parte v. Lehman

*Jules Pearlstine*, for petitioner.

*Wright, Mauck, Hawes & Spencer*, for accountant.

FORREST, J., May 15, 1957.—In this incompetent's estate, the sole question to be decided is whether the fee claimed by counsel for the guardian of the estate is excessive. On June 6, 1956, the first and final ac-

count of Peoples National Bank of Norristown, guardian of the estate of William C. Lehman, an incompetent, was filed in this court.

The account shows gross receipts of principal in the sum of $4,296.97 and gross receipts of income in the sum of $122.70, and a net balance of principal and income in the sum of $4,233.12. The account states on its face that "This balance is subject to a fee for services rendered by the firm of Wright, Mauck, Hawes & Spencer, attorneys for the accountant and which is claimed in the sum of $750, but is not included in the disbursements due to the fact that the accountant demurred to the payment of such compensation for services rendered in an insolvent estate with such assets. Attorneys for the accountant hold themselves in readiness to justify the fee requested. . . ."

Neither the account nor the proposed schedule of distribution annexed thereto contains any item for fee for attorneys for accountant. Counsel for Jennie Kratz Hunsberger and Viola Detwiler, two creditors of the incompetent, have objected to the fee claimed by the attorneys for the accountant. On February 27, 1957, this court ordered the matter on the equity trial list for the purpose of taking testimony pertaining to the aforesaid claim of counsel fee.

Federico F. Mauck, Esq., testified that the guardian was appointed on November 4, 1953; that the incompetent had been engaged in the business of collection of rents and mortgages; that on November 9, 1953, Mr. Mauck prepared a power of attorney; that in pursuance of the authority conferred upon his office by the guardian, on November 10th he conferred with Mr. Caiola for half an hour; that on the next day he conferred with Mr. Pearlstine for an hour and a half and with Mr. Shrimer for half an hour; that he inspected the contents of a safety deposit box for an

hour and a half; that on November 12th he wrote numerous letters and had a further conference with Mr. Pearlstine; that over a period of time he wrote a total of 156 letters and received 102 letters; that he had a meeting with a claimant, Miss Carter; that he discovered that the incompetent had no record books, but only a mass of papers best described as a "magpie's nest", that he spent two and a half hours examining the incompetent's safe which was in the same condition; containing scraps of papers of current value strangely mingled with ancient and worthless papers; that he and his secretary labored for additional hours in examining the papers; that on December 14th and 16th he had further conferences with parties in interest; that he searched records of the Montgomery Trust Company; that he finally tried to prepare statements of the status of various accounts which the incompetent had been handling in careless and incompetent manner, indicative of embezzlement; that by a conservative estimate he spent 100 hours in representing the guardian and that a fee of $7.50 per hour for such services is modest. Samuel H. High, Jr., Esq., a member of this bar with extensive experience in such matters, testified that in his opinion, considering the facts as related by Mr. Mauck, $750 is a fair and reasonable counsel fee.

The fee requested by counsel for the guardian is considerably in excess of the fee computed according to the minimum fee bill of the local bar association. However, that is only a *minimum* fee bill, and we do not regard it as a standard of adequacy of compensation under the extraordinary circumstances here presented. The evidence submitted to us amply justifies an award of counsel fee to the attorneys for the accountant in the full amount requested.

And now, May 15, 1957, it is ordered and decreed that the proposed schedule of distribution is confirmed

subject to the deduction from the balance shown thereon of an award to Wright, Mauck, Hawes & Spencer, attorneys for the accountant, of $750 as counsel fee for services rendered to the guardian of the incompetent's estate, and distribution shall be made in accordance therewith.